# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09cv487

| | |
|---|---|
| K.A. HOLDINGS, LTD. OF NY, <br> a/k/a K. A. Holdings of New York, Inc., <br> a/k/a K.A. Holdings of New York, Ltd., <br> a/k/a KA Holdings, Ltd., <br><br> Plaintiff, <br><br> Vs. <br><br> CHRISTOPHER CHAGARIS, <br><br> Defendant. | ORDER |

**THIS MATTER** is before the court on defendant's Motion to Dismiss (#51). For cause, defendant shows that plaintiff's New York counsel failed to seek *pro hac vice* admission to this court or properly licensed counsel substituted for plaintiff within the time allowed by this court. Within a month after this matter was transferred from the Southern District of New York on November 16, 2009, defendant properly substituted North Carolina counsel; however, it was not until April 26, 2010, that properly licensed counsel first appeared on behalf of plaintiff.

Even though properly licensed and admitted counsel has now appeared on behalf of plaintiff, the unauthorized appearance of out-of-state counsel remains. In response to the Motion to Dismiss, plaintiff states:

> At the time that Defendant filed the Motion, and subsequently thereto, Plaintiff was seeking North Carolina licensed counsel to substitute for NY Counsel, and ultimately did so on or about April 19, 2010. (Adler Affidavit, ¶ 6).

Response (#54), at 2. Review of the court record reveals that plaintiff has never filed a notice of substitution of counsel. On or about April 26, 2010, plaintiff filed a "Motion and Supporting Memorandum of Law for Extension of Time to File Response to Motion to Dismiss." (#54). The word "substitution" does not appear in such document; instead, the Clerk of this Court noted such an appearance by North Carolina counsel on behalf of plaintiff. As reflected on the court's docket, North Carolina counsel has neither sought admission for New York counsel or filed a "notice of substitution of counsel" as contemplated by Local Civil Rule 83.1(G), leaving unlicensed and un-admitted New York counsel still of record.

While the court understands defendant's frustration, the solution in this matter is not to dismiss the action, but to strike the appearance of un-admitted counsel.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Dismiss (#51) is **GRANTED** in part and **DENIED** in part, and John M. Voelp, Esq., is **TERMINATED** as counsel for plaintiff in this matter.

Signed: April 4, 2011

Max O. Cogburn Jr.
United States District Judge