**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv487**

| | |
|---|---|
| K.A. HOLDINGS, LTD. OF NY, )<br>a/k/a K. A. Holdings of New York, Inc., )<br>a/k/a K.A. Holdings of New York, Ltd., )<br>a/k/a KA Holdings, Ltd., )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>CHRISTOPHER CHAGARIS, )<br>)<br>Defendant. )<br>_____ ) | **ORDER AFFIRMING<br>MEMORANDUM AND<br>RECOMMENDATION** |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation (#63) issued by Honorable David C. Keesler, United States Magistrate Judge, all in accordance with 28, United States Code, Section 636(b)(1)(c). Defendant has filed objections to the Memorandum and Recommendation and plaintiff has not filed a response.

## FINDINGS AND CONCLUSIONS

**I.   Standard of Review of a Memorandum and Recommendation**

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and

recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation.

After such careful review, and for the reasons discussed below, the court determines that recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and recitation of issues is supported by the applicable pleadings, with the Amended Complaint being read in a light most favorable to the party resisting dismissal. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

## II.    Standard Applicable to Rule 12(b)(6) Motions

Until recently, a complaint could not be dismissed under Rule 12(b)(6) unless it appeared certain that plaintiff could prove no set of facts which would support its claim and entitle it to relief. Neitzke v. Williams, 490 U.S. 319 (1989); Conley v. Gibson, 355 U.S. 41 (1957). This "no set of facts" standard has been specifically abrogated by the Supreme Court in recent decisions.

First, in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), the Court held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Id., at 563. The Court specifically rejected use of the "no set of facts" standard because such standard would improperly allow a "wholly conclusory statement of claim" to "survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support

-2-

recovery." Id., at 561 (alteration in original).

Post Twombly, to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege facts in their complaint that "raise a right to relief above the speculative level." Id., at 555.

> [A] plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . .

Id. (second alteration in original; citation omitted). Further, a complaint will not survive Rule 12(b)(6) review where it contains "naked assertion[s] devoid of further factual enhancement." Id., at 557. Instead, a plaintiff must now plead sufficient facts to state a claim for relief that is "*plausible* on its face." Id., at 570 (emphasis added).

While the Court was clear in Twombly that Conley was no longer controlling, see Twombly, 550 U.S. at 563, and Felman Production Inc. v. Bannai, 2007 WL 3244638, at *4 (S.D.W.Va. 2007), it again visited the Rule 12(b)(6) pleading standard in Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (May 18, 2009). In Iqbal, the Court determined that Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Id., S.Ct., at 1949. The Court explained that, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" Id. (citing Twombly, supra; emphasis added). What is plausible is defined by the Court:

> [a] claim has facial plausibility when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Thus, a complaint falls short of the plausibility standard where a plaintiff pleads "facts that are 'merely consistent with' a defendant's liability . . . ." Id. While the court accepts plausible factual allegations made in a complaint as true and

considers those facts in the light most favorable to plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

In sum, when ruling on a Rule 12(b)(6) motion, "a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*) (citations omitted). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Id., at 93 (alteration and internal quotation marks omitted). However, to survive a motion to dismiss, the complaint must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950. While a plaintiff is not required to plead facts that constitute a *prima facie* case in order to survive a motion to dismiss, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), "[f]actual allegations must be enough to raise a right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. at 555.

## III. Defendant's Objections

Defendant has raised three objections (#64) to the M&R and supported such objections with a contemporaneously filed Memorandum of Law (#65). Defendant objects, as follows:

1. to the finding of fact and conclusion of law that the last act giving rise to a claim for malpractice occurred on or about September, 2006, citing Recommendation pg. 14 line 4-10;

2. to the finding of fact and conclusion of law that Plaintiff has properly pled a cause of action for fraud, citing Recommendation pg.17 line 11-16; and

3. to the finding of fact and conclusion of law that Defendant is not entitled to its costs associated with filing its Third Motion to Dismiss, citing

> Recommendation pg.18 line 2-3.

Objections (#64), at 1-2. The court has carefully considered each objection in context with the M&R as well as defendant's Memorandum of Law.

## IV.     First Objection: The Date of the Last Act

Defendant first objects to Judge Keesler's determination that plaintiff has sufficiently pled a "last act" that is within the applicable statute of limitations period and his recommendation that defendant's Rule 12(b)(6) Motion to Dismiss based on the statute of limitations be denied.

In moving to dismiss, defendant argued that the allegations and claims in plaintiff's First, Second, Third and Fifth causes of action, if taken as true, were time barred. Memorandum in Support of Motion to Dismiss (#60) at 9-12. Judge Keesler first determined that, under applicable North Carolina law, that the crucial inquiry was "'the last act of the defendant giving rise to the cause of action.'" M&R (#63), at 10 (citing N.C.Gen.Stat. § 1-15(c)). The court finds such legal determination by Judge Keesler to be fully supported by North Carolina law as well as federal cases applying such law, including a decision of this court. Goodman v. Holmes & McLaurin Attorneys at Law, 192 N.C.App. 467, 468 (2008); Sanders v. Gilchrist, 3:10-CV-068-MOC-DSC, (Order #4) (W.D.N.C. March 22, 2011).

As the first Complaint in this action was filed October 31, 2007, to survive a Rule 12(b)(6) motion based on the applicable statute of limitations, plaintiff must have alleged that defendant's last act or omission giving rise to these causes of action occurred on or after October 31, 2004. Plaintiff has clearly alleged that defendant filed the Third NC Action on or about June 6, 2006, "to correct his errors and/or omissions in the prior two (2) actions...." Amended Complaint (#27), at 12. Plaintiff has, therefore, alleged a last act that is well within the applicable period of limitations. Thus, the court will overrule defendant's

objection and affirm the recommendation that the motion to dismiss plaintiff's claims as barred by the statute of limitations be denied.

## V. Second Objection: Sufficient Allegations of Fraud

In his second objection, plaintiff contends that Judge Keesler erred in concluding that plaintiff properly pled a cause of action for fraud. First, review of the M&R reveals that Judge Keesler thoroughly reviewed the elements of both actual and constructive fraud, and that such determination is fully consistent with applicable North Carolina law. See Searcy v. Searcy, 715 S.E.2d 853, 857-858 (N.C.App. 2011). Second, review of the M&R reveals that Judge Keesler addressed each point of defendant's contentions, including defendant's arguments that the allegations of fraud: (1) are vague and conclusory; (2) fail to allege he took advantage of his position to benefit himself; (3) fail to identify actual false representation; and (4) fail to connect the alleged fraudulent acts of defendant with any specific injury other than mental anguish and distress. Memorandum in Support of Motion to Dismiss (#60), at 13-14. After observing

> that generally "[i]n order to satisfy the second element of constructive fraud, a plaintiff must allege, 'the benefit sought was more than a continued relationship with the plaintiff or payment of a fee to a defendant for work it actually performed,'"

M&R (#63), at 17 (citations omitted), Judge Keesler determined that "Plaintiff has sufficiently alleged a fraud claim to survive dismissal at this stage of the litigation." Id. After review of defendant's objection and further consideration of the Amended Complaint, this court agrees with Judge Keesler's conclusion as it is consistent with current law and fully supported by allegations contained in the Amended Complaint. Defendant's Second Objection will be overruled and Judge Keesler's recommendation will be affirmed.

## VI. Third Objection

Finally, defendant objects to Judge Keesler's determination that defendant is not entitled to its costs and fees associated with filing its Third Motion to Dismiss. While defendant cites to the Order (#26) of Honorable Stephen C. Robinson, United States District Judge, of September 22, 2008, permitting defendant to apply to him by letter for costs, there is no basis before this court for an award of costs or fees as plaintiff has stated non-frivolous claims in its Amended Complaint. See Fed.R.Civ.P. 11.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the defendant's Objections (#64) are **OVERRULED**, the Memorandum and Recommendation (#63) is **AFFIRMED,** and the defendant's

(1) Motion to Dismiss (#59) is **GRANTED** in part, and **DENIED** in part, as provided in the M&R; and

(2) Motion for Award of Defendant's Costs (#59) is **DENIED**.

Signed: April 9, 2012

Max O. Cogburn Jr.
United States District Judge