IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:09-CV-487-MOC-DCK

| | |
|---|---|
| K. A. HOLDINGS, LTD. OF NY, ) | |
| Plaintiff, ) | |
| v. ) | **ORDER** |
| CHRISTOPHER CHAGARIS, ) | |
| Defendant. ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion Of Defendant To Compel Discovery From Plaintiff" (Document No. 83). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the motion.

## I.     PROCEDURAL BACKGROUND

On October 18, 2012, the undersigned issued an "Order" (Document No. 73) granting with modification Plaintiff's "Motion For Extension Of Time To Disclose Plaintiff's Expert And Serve The Expert's Written Report" (Document No. 69). In that "Order," the Court noted that "[b]arring extraordinary circumstances, request for further extensions of time are unlikely to be granted." (Document No. 73). The deadlines revised by that "Order" included the following: Discovery Completion – January 22, 2013 and Dispositive Motions – February 1, 2013. <u>Id.</u>

The undersigned observes that on October 10, 2012, Defendant had filed his opposition to allowing Plaintiff additional time to disclose an expert. (Document No. 70). In his opposition, Defendant noted that "this case has been pending since 2007," and that Plaintiff's

responses to initial discovery requests had been inadequate, and therefore, "[i]t is very likely that a motion compelling the Plaintiff to disclose this information will be required to be heard by the Court."

The pending "Motion Of Defendant To Compel Discovery From Plaintiff" (Document No. 83) was filed on February 1, 2013, nearly four (4) months after Defendant stated that a motion to compel would likely be required, and ten (10) days after the extended discovery deadline had passed.  The "Motion Of Defendant To Compel…" was filed, along with three other motions, on the dispositive motions deadline. (Document Nos. 85, 87, 89).  The motion to compel expressly seeks "an Order compelling the Plaintiff to fully respond to the Defendant's First Set of Interrogatories and Request for Production of Documents."  (Document No. 33). Despite the relief requested by the instant motion, Defendant's memorandum in support is titled "Memorandum Of Law Of Defendant In Support Of Motion To Dismiss" (Document No. 84). Defendant's memorandum concludes that the Court should dismiss this action pursuant to Rule 41(b), or "**[i]n the alternative**, Defendant requests the Court issue an Order reopening discovery and requiring Plaintiff to provide complete responses to Defendant's First Set of Interrogatories and Request for Production of documents."  (Document No. 84, p.8) (emphasis added).

"Plaintiff's Response To Defendant's Motion To Compel Discovery From Plaintiff" (Document No. 93) was filed on February 15, 2013.  On February 22, 2013, the "Reply Memorandum Of Law Of Defendant In Support Of Motion To Compel" (Document No. 97) was filed with the Court.  As such, the "Motion Of Defendant To Compel Discovery…" is now ripe for disposition.

Although the relief requested by the instant motion is somewhat ambiguous, citing Fed.R.Civ.P. 33 "and other applicable discovery rules" and requesting dismissal under

Fed.R.Civ.P. 41(b), the undersigned construes the motion as it was initially captioned by Defendant, and interpreted by the Court, as a motion to compel.  To the extent Defendant seeks dismissal of this lawsuit in the instant motion, the undersigned will consider that request as one of several sanctions available under Fed.R.Civ.P. 37 for failure to provide or permit discovery.

## II.  STANDARD OF REVIEW

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1).  The rules of discovery are to be accorded broad and liberal construction.  See Herbert v. Lando, 441 U.S. 153, 177 (1979);  and Hickman v. Taylor, 329 U.S. 495, 507 (1947).  However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."  Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion.  See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion);  Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel);  and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

3

## III. DISCUSSION

As an initial matter, the undersigned observes that the "Motion Of Defendant To Compel Discovery Of Plaintiff" fails to indicate that the requirement of consultation has been satisfied pursuant to Local Rule 7.1(B). It is not uncommon for this Court to summarily deny a motion that fails to meet the requirement of consultation, or other requirements of the Local Rules or Federal Rules of Civil Procedure.

In addition, the undersigned finds that the instant motion to compel is untimely. As indicated in the procedural background above, and in Defendant's supporting memorandum, Defendant had formed an opinion that Plaintiff's discovery responses were inadequate by mid-October 2012. See (Document No. 70 and 84-9). Nevertheless, Defendant failed to request additional time for discovery completion or to file a motion to compel discovery until after discovery had closed and dispositive motions were due.

Plaintiff argues in pertinent part that it produced and/or made available all the documents in its possession, responsive to the discovery requests, on or about August 6-7, 2012. (Document No. 93, p.4). Plaintiff asserts that instead of scheduling a time to review the documents again, or to pick up and copy the documents, Defendant's counsel "took no action at all over the course of six months and let the discovery period lapse." Id.

It is noteworthy that Defendant appears to recognize, but fails to adequately explain, the untimely nature of the instant motion. (Document No. 84). Defendant asserts that if his motion is granted "the Court would also need to re-open discovery from the beginning since all of the Plaintiff's witnesses, including Plaintiff's expert, would then need to be re-deposed, and the Court would need to place this case on a considerably further extended Scheduling Order notwithstanding the fact that this action has been pending since 2007." (Document No. 84, p.8).

4

In support of his motion for summary judgment, Defendant suggests "that the Court simply allow" his motion for summary Judgment, "since the time for discovery is now passed and the requirement for disclosure of this information at this time would require major rescheduling of the case." (Document No. 90, p.2). Based on the foregoing, it appears that Defendant intends to use the motion to compel as a way to further extend the already lengthy litigation of this matter, if his summary judgment motion is denied.

Under the circumstances, the undersigned will decline to express an opinion on how a timely motion to compel, filed in accordance with the Local Rules, might have been decided. More than five (5) years after this action was filed, and with the dispositive motions deadline passed and trial less than two (2) months away, Defendant's invitation to "re-open discovery from the beginning" is not persuasive.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** the "Motion Of Defendant To Compel Discovery From Plaintiff" (Document No. 83) is **DENIED**.

Signed: April 10, 2013

David C. Keesler
United States Magistrate Judge