# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:09cv487

K.A. HOLDINGS LTD. OF N.Y., a/k/a )
K.A. HOLDINGS OF NEW YORK, )
LTD., a/k/a K.A. HOLDINGS, LTD., )
                                      )
      Plaintiff,         )
                                      )        **ORDER**
Vs.                                )
                                      )
CHRISTOPHER CHAGARIS,      )
                                      )
      Defendant.      )
_____)

**THIS MATTER** is before the court on Defendant's Oral Motion to Reconsider. The issue was first raised within Defendant's Trial Brief filed eighteen days after the court's Summary Judgment Order; the day before the final Pretrial Conference was to be held; and less than a week before trial was set to begin. Although a violation of Local Civil Rule 7.1(A)'s requirement that all motions be submitted in a separate writing, and not included in a brief, the court allowed the motion to be made orally. The court thereafter afforded Plaintiff time to respond to the motion, which it has, and pursuant to Local Rule 7.1(E), a reply will not be accepted.

On May 10, the court entered an Order denying Defendant's Motion for Summary Judgment on the grounds that the statute of limitations and repose in N.C.Gen.Stat. § 1-15(c) was equitably tolled by the allegations of Defendant's fraudulent misrepresentation. In support of the motion, Defendant correctly argues that North Carolina does not recognize any equitable tolling of its statute of repose for legal malpractice claims. See Goodman v. Holmes & McLaurin, 192 N.C. App. 467, 665 S.E.2d 526 (2008). In response, Plaintiff reiterates its earlier arguments that

the last alleged act of defendant was within North Carolina's statute of repose. The last alleged act giving rise to the first cause of action was - - at the very latest - - sometime in February or early March of 2003 when Defendant could no longer perfect the appeal of the order dismissing and vacating the arbitration award. See N.C. R. App. P. 3, 11, and 12. As the complaint was not filed until October 31, 2007, well more than four years after the time for perfecting the appeal had expired, Defendant's alleged negligent handling of the First North Carolina action is time barred and must be dismissed.

Defendant, however, is incorrect that the second claim is barred by statute of repose. Under North Carolina law, "[t]he three-year statute of limitations for a legal malpractice action begins to run at the time of the occurrence of the *last act* of the defendant giving rise to the cause of action." Ramboot, Inc. v. Lucas, 181 N.C. App. 729, 730, 640 S.E.2d 845, 846 (2007) (citing N.C.Gen.Stat. § 1-15(c)) (emphasis added). A review of the complaint, as well as the court's Summary Judgment Order, reveals that the allegations are that Defendant committed malpractice by 1) never notifying them that he was served with a notice to produce witnesses for the above depositions so plaintiff could comply; 2) failing to exercise reasonable care and diligence in handling the motion to dismiss and motion for summary judgment; and 3) never notifying them hearing of the motion for summary judgment. Compl. Drawing all inferences in favor of the non-moving party, Defendant's last alleged act was thus committed in February 2005 when he allegedly committed malpractice in his handling of the Motion for Summary Judgment or in March of 2005 when he convinced Plaintiff to withdrawal the Second North Carolina action. It was at this point that Plaintiff's interest was harmed. As the Complaint was filed on October 31, 2007, well within the three years of the Defendant's final act, Plaintiff's second claim is not time barred.

With respect to Plaintiff's concerns that the jury will not be able to "understand" the second and third claim without considering evidence of the First, the court will allow evidence of

the first claim as the alleged acts constitute a continuing course of conduct of negligent representation. Accordingly, the court enters the following Order.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Oral Motion to Reconsider is **GRANTED IN PART AND DENIED IN PART**. Plaintiff's First Claim for Relief is **DISMISSED WITH PREJUDICE**.

Signed: June 3, 2013

Max O. Cogburn Jr.
United States District Judge