UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:09-cv-00487-MOC-DCK

| | | |
|---|---|---|
| **K.A. HOLDINGS LTD. OF NEW YORK,** | ) | |
| Plaintiff, | ) ) ) | |
| Vs. | ) ) | ORDER |
| **CHRISTOPHER CHAGARIS,** | ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the court on defendant's Motion for Judgment Notwithstanding the Verdict. In accordance with the court's instructions at the conclusion of trial, defendant timely briefed his motion within 10 days of receiving the final trial transcript and plaintiff has timely filed its response brief. No reply was allowed by the court, see Trial Transcript ("TT") Vol. 4, at 952, and review of the pleadings does not reveal that a reply would aid the decision-making process.

In moving for entry of a judgment notwithstanding the jury's verdict, defendant raises issues as to whether:

(1) KA's underlying action against Hawthorne Mills, LLC ("Hawthorne") and Overland Properties, Inc. ("Overland") would have been successful and collectable;

(2) Mr. Chagaris breached the applicable standard of care during his representation of KA against Hawthorne and Overland; and

(3) KA met its burden by presenting sufficient evidence to support the damages the jury awarded.

1

Based on a review of all the evidence, and as discussed earlier during the trial, the court finds no merit to defendant's arguments concerning the sufficiency of the evidence as to breach of the standard of care and as to damages plaintiff incurred as a result of such breach.

As to defendant's argument that plaintiff failed to present sufficient evidence that it would have been successful in its underlying action against Hawthorne and Overland, the court agrees that it is plaintiff's burden to show not only that it would have been successful in the underlying action absent defendant's professional errors, but that any judgment it would have been awarded would have been collectable. The transcript reveals that plaintiff presented ample evidence that it would have been successful absent defendant's errors, but the closer issue is whether there is evidence sufficient to support a jury finding that the underlying judgment would be collectable.

Resolving all inferences in a light most favorable to the party resisting the JNOV motion, plaintiff presented evidence showing that the alleged tortfeasors had an unencumbered asset worth $1,600,000.00 within the State of North Carolina at the relevant time. Mr. Diven testified that the alleged tortfeasor purchased the warehouse where plaintiff's goods were stored for $1,600,000.00 in cash:

> Q. … Mr. Diven, you testified earlier that you were involved in the
>    sale by K.A. Holdings of the warehouse property to Hawthorne;
>    is that correct?
> A. That is correct.
> Q. At that time did your involvement include knowledge about
>    the closing of the transaction, how it was financed --
> A. Yes.
> Q. -- by Hawthorne? And how was it financed?
> A. It was -- Hawthorne paid cash for the property. No mortgage.
> Q. How do you know that?
> A. I was on the telephone with Mr. McNeil both before and
>    after the closing and they tendered a bank check, filing no
>    mortgage against the property.
> Q. Does that mean that Hawthorne owned the property outright

>           as far as you know at that moment?
> A.        Yes. We had a copy of the title report. It was free and
>           clear.
> Q.        Do you recall what the sale price was? In other words,
>           what did Hawthorne pay K.A. Holdings for that property?
> A.         1.6 million.
> Q.        Is it your understanding that Hawthorne owned that
>           property when this litigation was commenced by Mr. Chagaris on
>           behalf of K.A.?
> A.        Yes. I just want to correct one thing that you said. Overland went
>           to the closing. Hawthorne became the successor of Overland, but it
>           was always Mr. Thompson. It was from his left hand to his right hand.
> Q.        Who ultimately came into possession of the property of the warehouse?
> A.        Hawthorne.

TT, Vol. 2, at 367-68. In support of his position, defendant offers Defendant's Exhibit 205, which appears to be a copy of a public index related to the name "Hawthorne Mill." Defendant contends that this index is evidence of a transfer of the warehouse – the asset against which any judgment would have likely been collected – to an entity known as "Hawthorne Mills Partners." Defendant testified that the warehouse subsequently became encumbered, but offered no documents in support of such conclusion . Inasmuch as plaintiff never introduced the documents underlying the index, his conclusion as to what those documents would have shown is, at best, speculative and it was well within the province of the jury to discount such testimony. Even assuming that the alleged tortfeasor transferred the warehouse in an attempt to avoid collection of a judgment in the underlying matter, such evidence would have only gone to weight on the issue of collectability.

When a motion for judgment notwithstanding the verdict is filed, the motion must be denied unless no evidence was presented at trial that could support the jury's verdict. Atlas Food Systems and Services, Inc. v. Crane Nat. Vendors, Inc., 99 F.3d 587, 597 (4th Cir. 1996). The burden is on the moving party to establish that the evidence presented at trial is insufficient to support the jury's verdict. Price v. City of Charlotte, 93 F.3d 1241, 1249 (4th Cir. 1996). The

evidence must be considered in the light most favorable to the nonmoving party, and any conflict in the evidence must be resolved in the nonmoving party's favor. <u>Burcham v. J.P. Stevens & Co.</u>, 209 F.2d 35, 36 (4th Cir. 1954).

Here, plaintiff has successfully pointed to evidence that would support a jury finding that the underlying judgment, had it been obtained, would have been collectable. That defendant presented evidence that could cast some doubt on collectability is not sufficient as the court cannot weigh the evidence or assess the credibility of witnesses. <u>Taylor v. Home Ins. Co.</u>, 777 F.2d 849, 854 (4th Cir. 1985). As defendant's motion can only be granted if "there is no evidence or reasonable inference to sustain the position of the nonmoving party," <u>Hawkins v. Sims</u>, 137 F.2d 66, 67 (4th Cir. 1943), the motion will be denied and the court will direct entry of the Judgment by the Clerk of this Court in conformity with the jury's verdict.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion for Judgment Notwithstanding the Verdict (#122) is **DENIED**, and the Clerk of Court is directed to enter judgment in accordance with the jury's Verdict (#120) forthwith.

Signed: September 30, 2013

Max O. Cogburn Jr.
United States District Judge