UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
DOCKET NO. 3:09-cv-00487-MOC-DCK

K.A. HOLDINGS LTD. OF NEW YORK, )
a/k/a K.A. Holdings of New York, Inc., )
a/k/a K.A. Holdings of New York, Ltd., )
a/k/a K.A. Holdings, Ltd., )
    Plaintiff/Judgment Creditor, )
) **ORDER**
        vs. )
)
CHRISTOPHER CHAGARIS, )
    Defendant/Judgment Debtor. )
_____)

THIS MATTER is before the Clerk of Court on Plaintiff's "Motion for Defendant to Appear and Answer Concerning his Property Pursuant to Fed. R. Civ. P. 69 & N.C.G.S. § 1-352." (Doc. 147).

A review of the record reflects that on September 30, 2013, Judgment was entered in this matter in favor of Plaintiff and against Defendant in the total amount of $793,568.45. (Docs. 120 & 131). On December 18, 2014, following an unsuccessful appeal to the Fourth Circuit, Defendant, as the Judgment Debtor, filed a notice to set aside certain statutorily exempt property from execution of the Judgment, pursuant to N.C. Gen. Stat. § 1C-1603. (Doc. 140). Plaintiff, as the Judgment Creditor, thereafter filed a Motion for Final Execution wherein it agreed to set aside the exempt property claimed by Defendant from execution of the Judgment. (Doc. 141).

By Order dated April 23, 2015, the Court directed the Clerk to issue a Final Execution for the Collection of the Judgment in this case. (Doc. 142). In that Order, the Court found "that the Judgment is the sum total of $793,568.45, plus interest at the highest legal rate and costs excluding Judgment Debtor's Exempt Property." Id.

1

In accordance with the Court's April 23, 2015 Order, the Clerk issued a Writ of Execution on July 16, 2015, in the total amount of $935,323.70, consisting of the original judgment amount of $793,568.45, plus $141,755.25 in interest then accrued at the 10% statutory legal rate. (Doc. 143). The Writ of Execution was subsequently served on Defendant by the U.S. Marshal's Service and returned unsatisfied.

In the instant motion, Plaintiff alleges that it served Defendant with interrogatories pursuant to Fed. R. Civ. P. 69 and N.C.G.S. § 1-352.1 on November 20, 2015, and that Defendant "failed to answer many of the Interrogatories concerning his property and income." (Doc. 147). As a result, Plaintiff now requests that Defendant be required "to appear before the Court and answer concerning his property," pursuant to Fed. R. Civ. P. 69 and N.C.G.S. § 1-352. Id.

In federal court, a money judgment is typically enforced by a writ of execution, as was issued in this case. See Rule 69(a)(1), Fed. R. Civ. P. In this regard, Rule 69 of the Federal Rules of Civil Procedure provides that "[t]he procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedures of the state where the court is located, but a federal statute governs to the extent it applies." Rule 69(a)(1), Fed. R. Civ. P. As pertinent here, Rule 69 goes on to provide that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Rule 69(a)(2). Fed. R. Civ. P.

Turning next to the applicable state execution of judgment procedures, N.C. Gen. Stat. § 1-352 provides as follows:

> When an execution against property of a judgment debtor . . . is returned wholly or partially unsatisfied, the judgment creditor at any time after the return, and within three years from the time of issuing the execution, is entitled to an order from the court to which the

> execution is returned or from the judge thereof, requiring such debtor to appear and answer concerning his property before such court or judge, at a time and place specified in the order, within the county to which the execution was issued.

N.C. Gen. Stat. § 1-352. Consistent with this state statute, Plaintiff filed the instant "Motion for Defendant to Appear and Answer Concerning his Property" within three years from the issuance of the Writ of Execution in this case.

In light of these statutory provisions, and for good cause shown,

It is hereby **ORDERED** that Plaintiff's "Motion for Defendant to Appear and Answer Concerning his Property Pursuant to Fed. R. Civ. P. 69 & N.C.G.S. § 1-352" is **GRANTED.**

Accordingly, it is further **ORDERED** that a hearing is **SCHEDULED** in this matter for 2:00 p.m., Tuesday, April 10, 2018, in the Grand Jury Suite located on the second floor of the Charles R. Jonas Federal Courthouse, 401 West Trade Street, Charlotte, N.C.

It is further **ORDERED** that the Clerk hereby **DESIGNATES** Erica Petri, Staff Attorney with the U.S. District Court for the Western District of North Carolina, as the hearing officer to conduct the hearing in this matter.

It is further **ORDERED** that Plaintiff is **DIRECTED** to file a detailed brief by 5:00 p.m., Friday, March 16, 2018, addressing, *inter alia*, (i) the current status of this case, including any efforts taken by the parties to consult with one another and resolve or limit the areas of disagreement in accordance with Local Civil Rule 7.1(b); (ii) the discovery efforts taken by Plaintiff in aid of execution of the Judgment thus far and a general summary of the information obtained as a result therefrom, and (iii) the specific relief requested by Plaintiff in this supplemental proceeding, including references to any applicable statutory provisions and legal authority, as well as the specific additional information and discovery sought to be obtained from Defendant in this

case. Defendant is thereafter **DIRECTED** to file a detailed response brief by 5:00 p.m., Friday, March 30, 2018.[1]

The Clerk's Office is directed to provide a copy of this Order to all counsel of record and to Erica Petri as the Hearing Officer Designee.

Signed: February 26, 2018

Frank G. Johns, Clerk
United States District Court

---

[1] The parties, of course, must be sensitive to and comply with Rule 5.2 of the Federal Rules of Civil Procedure with respect to the inclusion of any personal identifiers and/or financial account information in their respective briefs.