UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:09-cv-00487-MOC-DCK

| | |
|---|---|
| **K.A. HOLDINGS LTD. OF NEW YORK,** | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| **CHRISTOPHER CHAGARIS,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on reference back to the presiding judge by the Clerk of Court in accordance with Chapter 1-352 of the North Carolina General Statutes, which guide this Court under Rule 69 of the Federal Rules of Civil of Procedure.

It appears from the pleadings that the execution upon this Court's 2013 Judgment against defendant has been returned unsatisfied and that defendant has not been cooperative in providing information concerning his assets. In June 2017, plaintiff filed a "Motion for Defendant to Appear and Answer Concerning his Property." The Clerk of Court, who is charged under Rule 69 with executions of Judgments, entered an Order on February 26, 2018, providing in relevant part as follows:

(1) A hearing before the Clerk's designee on April 10, 2018, at 2 p.m.;

(2) That plaintiff file a "detailed brief" by March 16, 2018, concerning a number of matters; and

(3) That defendant file a "detailed response" by March 30, 2018.

Order (#148). Distressingly, the Clerk of Court reports that plaintiff did not comply with the March 16, 2018, deadline. Upon inquiry, Attorney Ty K. McTier, who signed the motion, informed the Clerk of Court that he had never received the Order. Upon looking into the matter further, Mr. McTier informed the Clerk of Court that the reason he never received the Order was that he never entered a Notice of Appearance before filing the motion. Such misstep is a violation of L.CvR. 81.1(e). Review of the Court's NEF entered upon the transmittal of that Order reveals, however, that two attorneys of record for plaintiff (and who appear to work at the same firm as Mr. McTier) received notification:

(1) David G. Redding, at dredding@tisonreddinglaw.com and at redding@tisonreddinglaw.com), and

(2) Joseph Raymond Pellington, at jpellington@tisonreddinglaw.com.

While mistakes are made by all, including this Court, it is difficult to comprehend how three emails to counsel of record <u>for the moving party</u> went unheeded, especially in light of the nature of this action.

The Court will, therefore, take over this judgment enforcement proceeding as well as all further ancillary matters under Chapter 1-352. Rather than impose a sanction, all counsel for both sides will now be required to acknowledge receipt of this Court's Orders and confirm compliance therewith as outlined below.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) The April 10, 2018, before the Clerk's designee is **CANCELLED,** and the Clerk of Court's designee is relieved of responsibility for such proceeding;

(2) Counsel for Plaintiffs will **FILE** a detailed supporting brief that addresses the issues raised by the Clerk of Court in his Order (#148) not later than April 13, 2018.

(3) Counsel for Defendant will **FILE** a detailed Responsive brief not later than April 20, 2018.

(4) Counsel will **MEET AND CONFER** -- with a goal of resolution of this dispute and satisfaction of the Judgment -- not later than April 27, 2018. Such meet and confer and the results of that meeting will be documented with a Notice of Compliance **FILED** not later than May 4, 2018.

(5) A Rule 69(a)(1) hearing in this matter is **RESCHEDULED** for **May 10, 2018**, at the United States Courthouse in <u>**Asheville, North Carolina**</u>, at 2 p.m. At that hearing, the Court will hear arguments and address the issues raised in plaintiff's "Motion for Defendant to Appear and Answer Concerning his Property Pursuant to Fed. R. Civ. P. 69 & N.C.G.S. § 1-352." (#147). Specifically, the Court will consider whether defendant has failed to answer or otherwise respond to discovery requests, why he should not be compelled to answer or respond, and what if any sanction for such alleged non-compliance should be imposed.

(a) In aid of that inquiry, the defendant Mr. Chagaris shall **ATTEND** the hearing (along with all counsel of record) and be prepared to give sworn testimony concerning the existence and whereabouts of all assets.

(b) Mr. Chagaris shall bring with him a Certified Financial Statement for his business assets and a Personal Financial Statement concerning his personal assets. Absent

such statements, Mr. Chagaris shall bring with him records showing the location and amount of all assets as well as liabilities.

(6) Counsel shall **FILE** a Notice of Receipt of this Order within three (3) business days of receiving the NEF of this Order. If any attorney of record fails to file a Notice as required by this Order or a Brief as required herein, the Clerk of Court shall bring such failure to the immediate attention of the undersigned.

Signed: April 5, 2018

Max O. Cogburn Jr
United States District Judge